## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

**Civil Action No.:**

KATHERINE BROOKS,

    Plaintiff,

v.

ENCORE RECEIVABLE MANAGEMENT, INC., a Kansas corporation,

    Defendant.

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

### VENUE

3. Venue is proper in this Judicial District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in this Judicial District.

6. The Defendant transacts business in this Judicial District.

### PARTIES

7. Plaintiff, Katherine Brooks, is a natural person.

8. The Plaintiff resides in the City of Colorado Springs, County of El Paso, State of Colorado.

9. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10. Defendant, Encore Receivable Management, Inc., is a Kansas corporation operating from an address at 400 North Rogers Road, Olathe, Kansas, 66062.

11. The Defendant's registered agent in the state of Colorado is The Corporation Company, 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

12. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

13. The Defendant is licensed as a collection agency by the state of Colorado.

14. The principal purpose of the Defendant is the collection of debts using the mails and telephone.

15. The Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

16. Sometime before 2009 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on a personal account (hereinafter the "Account").

17. The Account is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

18. The Account went into default with the original creditor.

19. Sometime after the Account went into default the Account was placed or otherwise transferred to the Defendant for collection (Defendant's Account # 13401076).

20. The Plaintiff disputes the Account.

21. The Plaintiff requests that the Defendant cease all communication on the Account.

22. In the year prior to the filing of the instant action the Plaintiff received telephone call(s),voicemail message(s) and a letter dated March 16, 2010 from the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant who were attempting to collect the Account.

23. In the year prior to the filing of the instant action the Plaintiff called the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant in response to the telephone call(s), voicemail message(s) and the letter dated March 16, 2010.

24. The Defendant's purpose for these telephone call(s), voicemail message(s) and the letter dated March 16, 2010 was to attempt to collect the Account.

25. The telephone call(s), voicemail message(s) and the letter dated March 16, 2010 conveyed information regarding the Account directly or indirectly to the Plaintiff.

26. The telephone call(s), voicemail message(s) and the letter dated March 16, 2010 each individually constituted a "communication" as defined by FDCPA § 1692a(2).

27. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

28. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

29. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant received telephone call(s) from the Plaintiff was to attempt to collect the Account.

30. The only reason that the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant left voicemail message(s) for the Plaintiff was to attempt to collect the Account.

31. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that the Account would be constantly reported to the credit bureaus until it is paid.

32. The representation stated in paragraph 31 was false and was a false representation in connection with the collection of a debt, the Account.

33. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that paying the Account is the only way to get the Account off of her credit reports.

34. The representation stated in paragraph 33 was false and was a false representation in connection with the collection of a debt, the Account.

35. During the communication(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant attempting to collect the Account represented to the Plaintiff that she could not dispute the Account and that it was too late to dispute the Account.

36. The representations stated in paragraph 35 were false and were false representations in connection with the collection of a debt, the Account.

37. The statements and actions were undertaken by the Defendant and its representative(s), employee(s) and / or agent(s) as part of a campaign of abusive and unlawful collection tactics directed at the Plaintiff.

38. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute harassment or abuse and therefore violate FDCPA 1692d preface and d(2).

39. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute false and misleading representations and means and violate FDCPA 1692e preface, e(2)(A), e(5), e(8), e(10) and e(11).

40. The Defendant and its representative(s), employee(s) and / or agent(s) statements and actions constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

41. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were attempts to frighten, harass and abuse the Plaintiff into paying the alleged debt.

42. The Defendant's statements and actions as well as that of its representative(s), employee(s) and / or agent(s) were willful and intentional violations of the FDCPA.

43. As a consequence of the Defendant's collection activities and communications, the Plaintiff has sustained actual damages.

## RESPONDEAT SUPERIOR

44. The representative(s) and / or collector(s) at the Defendant were employees of and agents for the Defendant at all times mentioned herein.

45. The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

46. The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

47. The representative(s) and / or collector(s) at the Defendant were under the direct supervision and control of the Defendant at all times mentioned herein.

48. The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

49. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## COUNT I, FDCPA VIOLATIONS

50. The previous paragraphs are incorporated into this Count as if set forth in full.

51. The acts and omissions of the Defendant and its representative(s), employee(s)

and / or agent(s) constitute numerous and multiple violations of the FDCPA, including but not limited to § 1692d preface, d(2), § 1692e preface, e(2)(A), e(5), e(8), e(10), e(11) and § 1692f preface.

52. The Defendant's violations are multiple, willful and intentional.

53. Pursuant to FDCPA section 1692k the Plaintiff is entitled to actual damages, statutory damages up to $1,000.00, reasonable attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7., Fed. R. Civ. Pro. 38.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

 s/ David M. Larson  
David M. Larson, Esq.  
405 S. Cascade Avenue, Suite 305  
Colorado Springs, CO 80903  
(719) 473-0006  
Attorney for the Plaintiff